UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANGELIA MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| SOUTHEAST HOSPITAL d/b/a | ) | |
| SOUTHEAST HEALTH | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, and for her Complaint against Defendant Southeast Hospital d/b/a Southeast HEALTH (hereinafter "Southeast" or "Defendant"), states and alleges as follows:

### Nature of Case

1. Plaintiff began her employment with Defendant in 1999 and worked as an administrative assistant. Plaintiff suffers from multiple medical conditions that, individually and/or collectively, rise to the level of a serious health condition under the Family and Medical Leave Act ("FMLA") and a disability (actual and/or perceived) under state and federal disability discrimination laws. While employed by Defendant, Plaintiff utilized FMLA leave for absences related to her serious health condition. In 2021, Plaintiff requested a reasonable accommodation in the form of a reduced work schedule and initially received pushback and resistance from Defendant related to request. Plaintiff ultimately worked a reduced schedule due to her disability from August to October 2021. Then, on October 5, 2021, Defendant terminated Plaintiff's employment. Defendant terminated Plaintiff's employment due to purported attendance issues. These attendance issues were directly related to Plaintiff's disability / serious health condition, and

1

several of absences listed by Defendant supporting the termination decision were FMLA-protected absences. By its actions, Defendant both refused to provide leave to which Plaintiff was entitled under the FMLA, and retaliated against Plaintiff for engaging in protected activity under the FMLA. In addition, Defendant discriminated against and discharged Plaintiff because of her disability in violation of the Missouri Human Rights Act ("MHRA") and failed to accommodate Plaintiff in violation of the MHRA. Plaintiff brings claims for redress pursuant to the FMLA and the MHRA.

## Jurisdiction, Venue and Parties

2. The FMLA authorizes court actions by private parties to recover damages for violations of its provisions. Jurisdiction over Plaintiff's FMLA claims is based on 29 U.S.C. §2617.

3. The MHRA authorizes court actions by private parties to recover damages for violation of its provisions. Jurisdiction over Plaintiff's MHRA claims is based on 28 U.S.C. §1367.

4. Venue in this district is proper because Defendant does business in this district and employed Plaintiff to work in this district, and because substantial unlawful conduct giving rise to the claims set forth in the Complaint occurred in this district.

5. Plaintiff Angelia Mitchell resides in Missouri and worked at Defendant's location in Cape Girardeau, Missouri during times relevant.

6. Defendant Southeast Hospital d/b/a Southeast HEALTH is registered to do business in the State of Missouri, and has at least one business location within this judicial district.

**General Allegations**

7. Plaintiff began her employment with Defendant in 1999.

8. During times relevant, Plaintiff worked for Defendant as an administrative assistant.

9. Plaintiff suffers from multiple medical conditions that, individually and/or collectively, rise to the level of a serious health condition under the FMLA and a disability (actual and/or perceived) under the MHRA.

10. Plaintiff's relevant medical conditions including the following: small fiber neuropathy, chronic/recurring shingles, paresthesia, postherpetic neuralgia, and chronic migraines.

11. While employed by Defendant, Plaintiff utilized intermittent FMLA leave for absences related to her serious health condition.

12. In December of 2020, Plaintiff contracted COVID-19.

13. COVID-19 greatly exacerbated/triggered Plaintiff's underlying medical conditions and related symptoms.

14. Due to Plaintiff's worsened condition, she requested a reasonable accommodation of her disability in the form of a temporary reduced work schedule of three days a week.

15. Plaintiff's medical provider supported and agreed with this accommodation request, and Plaintiff provided supporting documentation from her medical provider to Defendant and/or Defendant's leave administrator.

16. Plaintiff received pushback and resistance from Defendant related to her accommodation request, and as such, the dialogue related to Plaintiff's accommodation request took an extended period of time.

17. Plaintiff's accommodation request was ultimately approved, and Plaintiff was permitted to work the reduced schedule from August 2021 until October 2021.

18. On October 5, 2021, Plaintiff was unexpectedly called into a meeting with her manager, the Director of Rehab Services, and a human resources representative.

19. In that meeting, Defendant terminated Plaintiff's employment.

20. Defendant terminated Plaintiff's employment due to purported attendance issues.

21. Defendant contended that Plaintiff had accrued thirteen absences or "occurrences", which was three more than Defendant's ten absence/occurrence limit.

22. At least seven of the thirteen absences relied upon by Defendant to justify Plaintiff's firing were directly related to Plaintiff's serious health condition / disability, and five of those seven absences were previously approved as FMLA-protected absences.

23. When Plaintiff tried to explain this fact in the termination meeting, she was abruptly told that her firing was not up for discussion, and Defendant's representatives refused to listen to Plaintiff on the issue.

24. On November 12, 2021, Plaintiff dual-filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR").

25. On July 1, 2022, the MCHR issued Plaintiff a right-to-sue letter. A true and correct copy of said MCHR right-to-sue letter is attached hereto as Exhibit 1 and incorporated by reference herein.

26. Plaintiff thereafter filed this Complaint in a timely manner.

## COUNT I: FMLA INTERFERENCE

27. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth and re-stated herein

28. Plaintiff seeks to recover damages under the FMLA, which provides for the protection of persons who take family or medical leave.

29. Plaintiff is an "eligible employee" within the definition of the FMLA. At the time of the conduct giving rise to her causes of action herein, Plaintiff had been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant during the previous 12-month period.

30. At the time of the conduct giving rise to the causes of action herein, Defendant qualified as an "employer" within the definition of the FMLA because it was engaged in an industry or activity affecting commerce and employed fifty (50) or more employees within a 75-mile radius of the location where Plaintiff worked.

31. Plaintiff was entitled to FMLA leave because Plaintiff had a serious health condition within the meaning of the FMLA.

32. Plaintiff gave Defendant notice of her intent to take leave from work due to her serious health condition.

33. Plaintiff's request for FMLA leave was approved by Defendant and through Defendant's third-party leave administrator.

34. Defendant refused to provide the FMLA-protected leave to which Plaintiff was entitled under the FMLA, and instead terminated Plaintiff for utilizing her FMLA leave.

35. Defendant's behavior described herein was at all times taken not in good faith, and Plaintiff is therefore entitled to liquidated damages.

36. Plaintiff's FMLA-covered absence(s) was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

37. As a direct and proximate result of being discharged in violation of the FMLA, Plaintiff has been damaged and is entitled to recover the following pursuant to the FMLA:

(a) lost wages, salary and employment benefits, from her date of termination potentially up to the date of trial;

(b) interest on the amount in subparagraph (a) above at the statutory rate;

(c) equitable relief, including but not necessarily limited to front pay;

(d) liquidated damages; and

(e) attorneys' fees, expert witness fees and other costs of the action.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment in her favor and find that Defendant unlawfully interfered with her rights under the Family Medical Leave Act, and award to her compensatory damages, together with interest thereon, liquidated damages, front pay, attorney's fees, expert fees, and costs, and any and all further relief as to this Court deems just and proper under the circumstances.

## COUNT II: FMLA RETALIATION

38. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth and re-stated herein.

39. Plaintiff engaged in activity that was protected by the FMLA in seeking leave from work (and taking leave from work) in order to care for her serious health condition.

40. Defendant was aware of Plaintiff's exercise of her FMLA rights.

41. Defendant retaliated against Plaintiff for exercising her FMLA rights and engaging in activity that was protected by the FMLA by terminating Plaintiff's employment.

6

42. Defendant's behavior described herein was at all times taken not in good faith, and Plaintiff is therefore entitled to liquidated damages.

43. Plaintiff's FMLA-covered absence and/or her exercise of FMLA rights was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

44. As a direct and proximate result of being discharged in violation of the FMLA, Plaintiff has been damaged and is entitled to recover the following pursuant to the FMLA:

(a) lost wages, salary and employment benefits, from her date of termination potentially up to the date of trial;

(b) interest on the amount in subparagraph (a) above at the statutory rate;

(c) equitable relief, including but not necessarily limited to front pay;

(d) liquidated damages; and

(e) attorneys' fees, expert witness fees and other costs of the action.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment in her favor and find that Defendant unlawfully terminated her in violation of the Family Medical Leave Act, and award to her compensatory damages, together with interest thereon, liquidated damages, front pay, attorney's fees, expert fees and costs, and any and all further relief as to this Court deems just and proper under the circumstances.

## COUNT III: VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT: DISABILITY DISCRIMINATION

45. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth and restated herein.

46. Defendant was the "employer" of Plaintiff within the scope and meaning of the MHRA.

47. During times relevant, Plaintiff had physical impairments that, individually and/or collectively, rise to the level of a disability under the MHRA.

48. During times relevant, Plaintiff had a physical impairment that substantially limited one or more of Plaintiff's major life activities.  In the alternative, Plaintiff was regarded by Defendant as having a physical impairment that substantially limits one or more of Plaintiff's major life activities or had a record of such an impairment.

49. Plaintiff was able to perform the essential functions of her job, with or without reasonable accommodation.

50. Defendant unlawfully discriminated against Plaintiff on the basis of her disability, actual and/or perceived, such that Defendants' decision to terminate Plaintiff's employment was because of Plaintiff's actual and/or perceived disability.

51. Defendant's actions, as aforesaid, constitute unlawful employment practices in violation of the MHRA.

52. As a direct result of Defendant's unlawful employment practices, Plaintiff has been damaged in the form of lost wages and benefits of employment, future wages, medical and other out-of-pocket costs/expenses, emotional distress, humiliation, and diminished employment status.

53. Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

WHEREFORE, on Count III of this Complaint, Plaintiff demands judgment against Defendant and respectfully requests:  (1) a sum of money making Plaintiff whole for the harm caused, including compensatory damages, back pay, front pay, lost benefits, medical and other out-of-pocket costs/expenses, and damages for emotional distress, humiliation, and diminished employment status; (2) punitive damages to punish and deter Defendant and others from like

conduct; (3) equitable relief including but not necessarily limited to front pay; (4) costs and expenses of litigation, and a reasonable sum as and for attorneys' fees; (5) pre-judgment interest; and (6) such other and further equitable and legal relief as this Court deems just and proper.

### COUNT IV:  VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT: FAILURE TO ACCOMODATE

54. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth and restated herein.

55. Plaintiff's medical conditions described herein are, individually and/or collectively, a disability within the meaning of the MHRA.

56. Defendant had notice of Plaintiff's disability.

57. With reasonable accommodation, Plaintiff was able to perform the essential functions of her position with Defendant.

58. Defendant failed and refused to make reasonable accommodations for Plaintiff during her employment.

59. Defendant failed and refused to engage in the interactive process with Plaintiff regarding her need for reasonable accommodations.

60. Defendant's actions and omissions, as aforesaid, constitute unlawful employment practices in violation of the MHRA.

61. As a direct result of Defendant's unlawful employment practices, Plaintiff has been damaged in the form of lost wages and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

62. The actions of Defendant as alleged herein were outrageous because of Defendant's evil motive or reckless indifference to the rights of others, entitling Plaintiff to an award of punitive damages.

WHEREFORE, on Count IV of this Complaint, Plaintiff demands judgment against Defendant and prays for: (1) a sum of money making Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status; (2) punitive damages to punish and deter Defendant and others from like conduct; (3) equitable relief including but not necessarily limited to font pay; (4) costs and expenses of litigation and a reasonable sum as and for attorneys' fees; (5) pre-judgment interest; and (6) such other and further equitable and legal relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**RIGGAN LAW FIRM, LLC**

/s/ Russell C. Riggan
Russell C. Riggan, #53060MO
Samuel W. Moore, #58526MO
130 W Monroe Avenue
Kirkwood, Missouri 63122
Phone:  (314) 835-9100
Fax:  (314) 735-1054
russ@rigganlawfirm.com
smoore@rigganlawfirm.com